**The BACKER LAW FIRM, on behalf of itself and all those similarly situated, Plaintiff,**

v.

**COSTCO WHOLESALE CORPORATION, Defendant.**

**Case No. 15–0327–CV–W–SRB**

United States District Court, W.D. Missouri, Southern Division.

Signed 04/27/2017

Aristotle N. Rodopoulos, Wood Law Firm LLC, Noah K. Wood, Kansas City, MO, for Plaintiff.

Rebecca J. Schwartz, Todd W. Ruskamp, Shook, Hardy & Bacon, LLP, Kansas City, MO, for Defendant.

## ORDER

STEPHEN R. BOUGH, UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Backer Law Firm, LLC's Motion for Class Certification. (Doc. # 93). For the reasons stated below, the motion is granted.

### I. Background

Plaintiff The Backer Law Firm, LLC ("Plaintiff Backer") has filed this action against Defendant Costco Wholesale Corporation ("Defendant Costco"), alleging that Defendant Costco violated the Telephone Consumer Protection Act ("TCPA", or 47 U.S.C. § 227 *et seq.*), by sending an unsolicited facsimile advertisement to Plaintiff Backer's business location in Jackson County, Missouri. The Complaint also asserts related state claims of conversion, violation of the Missouri Computer Tampering Act, negligence, and negligence per se. On May 1, 2015, Defendant Costco removed the action from the Circuit Court of Jackson County, Missouri to this Court on the basis of federal question and supplemental jurisdiction. (Doc. # 1). Since the removal of the case, the parties have engaged in a fair amount of written and oral discovery.

Plaintiff Backer brings this motion to ask the Court for an order determining that its TCPA claim be maintained as a class action, with the proposed Plaintiff class defined as follows:

All persons or entities appearing in the *List of Class Members* to whom Defendant sent one or more facsimiles promoting its

products, services, or memberships between April 2, 2011 and April 2, 2015. Excluded from the class are ABC Business Forms, Inc., Defendant and its officers, directors, and employees, Defendant's counsel, any persons who previously have settled TCPA claims with Defendant, the Court and Court personnel, and counsel for the Plaintiff.

The *List of Class Members* contains information designated by Defendant as confidential and, therefore, is being provided to the Court under seal.

(Motion for Class Certification, Doc. # 93, p. 1).

## II. Legal Standard

Class certification is governed by Federal Rule of Civil Procedure 23. Rule 23 requires that an action satisfy all four prerequisites of Rule 23(a) and at least one of the provisions of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013). Pursuant to Rule 23(a), the party seeking certification must demonstrate that the proposed class satisfies the requirements of numerosity, commonality, typicality, and adequate representation, to ensure that any class claims are limited "to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (internal quotations and citations omitted). Rule 23(b)(3), under which Defendant Backer seeks certification, requires that the Court find that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that a class action is the "superior" method of adjudication of the controversy.

Before analyzing whether the requirements set forth in Rule 23 have been met, the Court will address the parties' arguments relating to what have sometimes been referred to as the "implicit requirements" of the courts' Rule 23 analysis: ascertainability and standing. With respect to ascertainability, the Eighth Circuit has not "outlined a requirement of ascertainability," or treated it as a "separate, preliminary requirement." *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 995–996 (8th Cir. 2016).

Rather, in noting that that "[m]ost of the other circuit courts of appeals have recognized that Rule 23 contains an implicit threshold requirement that the members of a proposed class be readily identifiable . . . an ascertainability requirement," the Eighth Circuit has determined that the certifying court must find that the class sought to be represented "must be adequately defined and clearly ascertainable" in connection with a court's Rule 23 analysis. *Ibid.* (internal quotation marks omitted) (collecting cases). With respect to the issue of standing, the Eighth Circuit has held that the "irreducible constitutional minimum of standing [that] requires a showing of injury in fact to the plaintiff that is fairly traceable to the challenged action of the defendant, and likely to be redressed by a favorable decision" applies to class actions. *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010).

"Rule 23 does not set forth a mere pleading standard." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). Instead, a plaintiff "must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Ibid.* (emphasis in original). The preponderance of the evidence standard applies to evidence proffered to establish the requirements of Rule 23. *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008).

A district court must undertake a "rigorous analysis" to ensure that the requirements of Rule 23 are met. *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011). Although the court's analysis will frequently entail some overlap with the merits of the underlying claims, "[this] cannot be helped." *Wal–Mart*, 564 U.S. at 351, 131 S.Ct. 2541. However, there are limits to a court's analysis of the merits of a matter at the class certification stage. A court's inquiry on a motion for class certification is "tentative," "preliminary," and "limited." *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011). "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may

be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 133 S.Ct. 1184, 1195, 185 L.Ed.2d 308 (2013). With these standards in mind, the Court will analyze the motion for class certification in accordance with the requirements of Rule 23.

### III. Discussion

#### 1. Requirements of Standing and Ascertainability Are Satisfied

 As a threshold matter, the Court finds that Plaintiff Backer has established that the members of the putative class are ascertainable and have standing to bring these claims. To evaluate standing under the TCPA, "viewing or printing a fax advertisement is not necessary to suffer a violation of the statutorily-created right to have one's phone line and fax machine free of the transmission of unsolicited advertisement... [T]here is no need for a plaintiff to have printed the fax ad to have Article III standing." *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 633 (6th Cir. 2015); *see also Palm Beach Golf Ctr.–Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015) ("injury targeted by the TCPA is the sending of the fax and resulting occupation of the recipient's telephone line and fax machine, not that the fax was actually printed or read"); *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) (plaintiff not required to print the unsolicited fax; log showing transmission of faxes, rather than recipient-by-recipient adjudication of delivery, was sufficient); *Am. Copper & Brass, Inc. v. Lake City Indus. Prod., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014) (class members who were "successfully sent" a fax from distributor, even in absence of evidence of receipt, had standing). *Cf. Brey Corp. v. LQ Mgmt. LLC*, No. CIV. JFM-11-718, 2014 WL 943445, at *1 (D. Md. Jan. 30, 2014) (members have standing "only if they received an

unsolicited fax"; however, there "are no objective criteria that establish a putative class member in fact obtained an unsolicited fax").

Defendant Costco argues that certification must fail, since Plaintiff Backer has not proven that every class member actually *received* an unsolicited fax advertisement to demonstrate class-wide standing. However, the plain language of the TCPA merely prohibits the "use [of] any telephone facsimile machine, computer, or other device *to send*, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C) (emphasis added).[1] That the majority of circuit-level courts determine that transmission of the unsolicited advertisement, rather than proof of receipt, viewing, or printing of the fax, triggers liability under the TCPA is sensible to this Court. By passing the TCPA, Congress sought to remedy various types of harm, which in addition to the cost of paper and ink incurred by recipients, include the disruption of the flow of commerce through interference with company switchboard operations and computer networks that route faxes to email systems. *Missouri ex rel. Nixon v. Am. Blast Fax, Inc.*, 323 F.3d 649, 654 (8th Cir. 2003) (recounting legislative history); *Copper*, 757 F.3d at 545. Thus, by requiring proof that transmissions were made, rather than evidence of receipt, the courts have recognized the TCPA's intent to give recipients the statutory right to maintain their phone lines and fax machines free of unsolicited advertisements.

In support of certification, Plaintiff Backer has provided a *List of Class Members* (the "Class List") of approximately 1,552 persons and/or entities to whom Plaintiff Backer contends Defendant Costco sent one or more advertisement faxes between April 2, 2011, and April 2, 2015. (Doc. # 105, Reply Exh. No. 1). The Class List was distilled from a report of at least 10,000 entries ("MAP List"), generated to capture all entries referencing "faxes and faxing" associated with U.S. Costco locations between April 2, 2011,

---

1. Some courts have even gone so far as to hold that ownership of a fax machine is not a prerequisite for standing under the TCPA. *Copper, supra*, 757 F.3d at 545; *Compressor Eng'g Corp. v. Thomas*, No. 10-10059, 319 F.R.D. 511, 521–22,

2016 WL 7473448, at *8 (E.D. Mich. Dec. 29, 2016); *see Sandusky*, 821 F.3d at 997 (fax machine ownership not required to recover under TCPA).

and January 20, 2016. The MAP List was prepared by the vendor that maintains Costco's Marketing Accountability Program ("MAP"), a database which details Costco's contacts with its current and prospective members. At the April 20, 2017, hearing held by the Court on this motion, it was made apparent to the Court that no alternative proof of fax transmissions, other than the MAP List, existed; Defendant Costco acknowledged that it did not have fax logs that would show outgoing fax traffic—not surprising, given the age of and amount of locations from where the faxes were sent.

To create the Class List, Plaintiff Backer reviewed and sorted the MAP List, keeping only entries in which fax numbers were listed and the "Detailed history/comment" column indicated that *transmission* of a fax had been made. If the MAP List contained a notation showing that fax transmission failed for any reason, they were not included in the Class List. (Reply, Doc. # 103, p. 7). The retained entries in the Class List indicate that Defendant Costco's telemarketers "faxed fliers," "faxed food court menu," "faxed tour letters," "faxed reception invites," etc. to class members who were sent unsolicited faxes in possible violation of the TCPA. Because this allegation of fax transmission is sufficient to establish that class members may have suffered an injury under the TCPA that is traceable to Defendant Costco and is likely to be redressed in a favorable decision, the putative class members have standing. *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016), *quoted in Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) ("A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.' "). Relatedly, the Court finds that Plaintiff Backer has demonstrated that the class is ascertainable by using "objective criteria" to determine the membership of the proposed class, having pared down the MAP List using the notations and fax numbers entered by Costco's vendor, and by producing the Class List, which allows the class to be ascertained with certainty. *McKeage v. TMBC, LLC*, 847 F.3d 992, 998 (8th Cir. 2017) ("objective criteria" permissible to define class); *Sandusky, su-*

*pra*, 821 F.3d at 997 ("fax logs showing the numbers that received each fax are objective criteria that make the recipient clearly ascertainable"); *Copper*, 757 F.3d at 545 ("fax numbers are objective data satisfying the ascertainability requirement").

### 2. Rule 23(a) Requirements

Turning to the requirements of Rule 23(a), Rule 23(a) contains four requirements applicable to all proposed classes: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative party are typical of the claims or defenses of the class (typicality); and (4) the representative party will fairly and adequately protect the interests of the absent class members (adequacy). Fed. R. Civ. P. 23(a).

#### i. Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." In determining whether or not the numerosity requirement is satisfied, "the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joinder is relevant." *Emanuel v. Marsh*, 828 F.2d 438, 444 (8th Cir. 1987), *cert. granted and judgment vacated on other grounds*, 487 U.S. 1229, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) (citing *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559–560 (8th Cir. 1982)). Here, Plaintiff Backer has identified approximately 1,552 persons and/or entities in its Class List. The proposed class of plaintiffs is substantially larger than other classes that have been approved for certification within this circuit. *Ark. Educ. Ass'n v. Bd. Of Educ.*, 446 F.2d 763, 765 (8th Cir. 1971) (20 class members sufficient); *Paxton v. Union Nat. Bank*, 688 F.2d 552, 561 (8th Cir. 1982) (impracticable to join some portion of the 74 black employees of defendant bank who received lesser promotions than their white counterparts). Because the class size of approximately 1,552 members would render joinder impractical, the numerosity requirement of Rule 23(a)(1) has been satisfied.

### ii. Commonality

■ Rule 23(a)(2) requires that "there are questions of law or fact common to the class." "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart*, 564 U.S. at 350, 131 S.Ct. 2541. The "claims must depend upon a common contention" and "[t]hat common contention...must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Having established that liability can arise from the *transmission* of unsolicited fax advertisements, Plaintiff Backer has demonstrated that the putative class is facing the common questions of law and fact relating to Defendant Costco's compliance with 47 U.S.C. §§ 227 (b)(1)(C) and 227(b)(2)(D)—the determination of the truth or falsity of which will lead to the class-wide resolution of the matter. Thus, the commonality element of 23(a)(2) is satisfied.

### iii. Typicality

■ Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." The burden of demonstrating typicality is fairly easily met, so long as other class members have claims similar to the named plaintiff. *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) (citing *Paxton*, 688 F.2d at 562). Rule 23(a)(3) "requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977). The Court is not persuaded that the cases cited by Defendant Costco holding that typicality is defeated (in which, for instance, certain class members gave consent to being called) yet apply to this case. In conducting a preliminary inquiry into the merits of this action for purposes of evaluating certification, the Court finds that Defendant Costco has not provided evidence that any of the proposed class members consent-

ed to receiving the subject faxes. Defendant Costco asserts that when faxing occurred, "it was ordinarily only at the request of, or obtaining oral permission directly, from the intended recipient," so that the Class List "contains entities that likely did" consent to receive a fax. (Opposition, Doc. # 99, pp. 7, 26). However, Defendant Costco has not established by a preponderance of the evidence that any of the putative class members provided consent to receive the subject faxes.

The Court is satisfied that Plaintiff Backer's claims have the same characteristics as the claims of the class at large. The Complaint is premised on the transmission of unsolicited fax advertisements by Defendant Costco, which is the same course of conduct at issue for all members of the proposed class. Additionally, Plaintiff Backer's claims would implicate the same legal theories and factual assessments of whether class members received an unsolicited advertisement under 47 U.S.C. § 227(b)(1)(C). In response, Defendant Costco would be able to raise the same defenses of established business relationships, voluntary communication of numbers, etc. pursuant to the same statute. Thus, the representative parties would have the same claims and defenses as the class, and the typicality requirement of Rule 23(a)(3) has been met.

### iv. Adequacy

■ Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Since liability arises from the transmission, and not receipt of unsolicited fax advertisements under the TCPA, the factual issues raised by Defendant Costco in connection to its challenge to the propriety of appointment of Plaintiff Backer as class representative—*e.g.,* whether Plaintiff Backer contemporaneously viewed the faxes and ever printed the subject faxes—are inapplicable. Rather, the Court finds that Plaintiff Backer possesses the same interest and injury of TCPA violations as the class, has no currently discernable interests antagonistic to the interests of other class members, and is being represented by competent class counsel; thus, the adequate representation requirement of Rule 23(a)(4) is met. *Amchem Prod., Inc. v. Wind-*

*sor,* 521 U.S. 591, 625–27, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

### 3. Rule 23(b) Requirements

In addition to showing that the requirements of Rule 23(a) are met, the party seeking certification must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b). *Comcast, supra,* 133 S.Ct. at 1432. Plaintiff Backer asserts that this action satisfies Rule 23(b)(3), which states that:

(b) [ . . . ] A class action may be maintained if Rule 23(a) is satisfied and if:

[ . . . ]

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

### i. Questions of Law or Common Facts Predominate

Rule 23(b)(3) does not require a showing that questions common to the class that predominate will be answered, on the merits, in favor of the class. *Amgen, supra,* 133 S.Ct. at 1191. Instead, the requirement that common questions predominate over individual questions "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Blades v. Monsanto Co.,* 400 F.3d 562, 566 (8th Cir. 2005) (quoting *Amchem, supra,* 521 U.S. at 623, 117 S.Ct. 2231). "[T]he court must look only so far as

to determine whether, given the factual setting of the case, if the plaintiffs general allegations are true, common evidence could suffice to make out a prima facie case for the class." *Ibid.*

■ Bearing this in mind, whether Defendant Costco violated the TCPA by transmitting unsolicited fax advertisements to the class is the common question that predominates over any inquiries affecting only individual members raised by Defendant, such as the exact times at which the faxes were sent, which employee sent the faxes, and which machine was used to send the faxes. *See e.g., Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577, 582–83 (Mo.App. E.D. 2010) (in a Missouri appellate court case, "predominating issue is whether [defendant's] conduct violated the TCPA and this issue is common to all class members," since predominance does not require that all issues be common to the class, rather they "must substantially predominate over individual ones"). Because this question predominates over the individual inquires raised by Defendant Costco and warrants class-wide adjudication, the predominance requirement of Rule 23(b)(3) is satisfied.

### ii. Class Action Is The Superior Method Of Adjudication

■ This factor requires the Court to determine whether the class action is manageable, taking into consideration choice of law determinations, notice to class members, etc. *In re Baycol Prod. Litig.,* 218 F.R.D. 197, 209 (D. Minn. 2003) (involving varying state laws governing products liability) (citing *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 747 (5th Cir. 1996)). Because this matter involves common questions of fact and law relating to the same federal statute (so that analysis of conflicting state laws and choice of law determinations are not required), and the class members have already been identified, maintenance of this class would be manageable.

The "most compelling rationale for finding superiority in a class action" exists here, since this action is a "negative value suit"— where the value of claims is so insubstantial that individual lawsuits would be unlikely or unfeasible. *Castano,* 84 F.3d at 748. Given

that statutory damages under the TCPA are only $500 per violation (which may be trebled under § 227(b)(3)(C) if Defendant's actions were willful or knowing) and there is no statutory provision for the recovery of attorneys' fees, class members would spend more money to litigate their suits than what they can individually gain. In regard to Defendant Costco's assertion that aggrieved parties can simply seek relief in small claims court, even though the TCPA uniquely enables the pursuit of state court suits under this federal statute (§ 227(b)(3)), the filing/service fees and time spent on an individual action may exceed the $500 penalty and still be economically unfeasible for many class members. Thus, the interest of members in individually controlling the prosecution of separate actions is minimal. Fed. R. Civ. P. 23(b)(3)(A).

Moreover, individual adjudication of all 1,552 potential claims which involve common issues presented by all members would be unrealistic and unnecessarily repetitive. Case-by-case adjudication would be judicially uneconomic and a waste of the court's time. Thus, the Court finds that class action would be the superior method of adjudication, and the superiority requirement of Rule 23(b)(3) is satisfied.

## IV. Conclusion

Based on the foregoing, Plaintiff Backer Law Firm, LLC's Motion for Class Certification (Doc. # 93) is granted. Accordingly, it is hereby

**ORDERED** that pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court certifies this matter as a class action. The class is defined as follows:

All persons or entities appearing in the *List of Class Members* to whom Defendant Costco Wholesale Corporation ("Defendant") sent one or more facsimiles promoting its products, services, or memberships between April 2, 2011 and April 2, 2015. Excluded from the class are ABC Business Forms, Inc., Defendant and its officers, directors, and employees, Defendant's counsel, any persons who previously have settled TCPA claims with Defendant, the Court and Court personnel, and counsel for Plaintiff The Backer Law Firm, LLC.

The *List of Class Members* contains information designated by Defendant as confidential and, therefore, has been provided to the Court under seal.

**IT IS FURTHER ORDERED** that The Backer Law Firm, LLC, is designated as the Class Representative.

**IT IS FURTHER ORDERED** that Noah K. Wood and Ari N. Rodopoulos of the Wood Law Firm, LLC will serve as Class Counsel.

**IT IS FURTHER ORDERED** that the parties meet and confer within twenty-one (21) calendar days of the filing of this Order to agree on the proposed notice to potential class members pursuant to Federal Rule of Civil Procedure 23(c)(2)(B). The notice shall be submitted to the Court within twenty-eight (28) calendar days of the filing of this Order.

**IT IS SO ORDERED.**